IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

   **Plaintiff,**

v.           CIV 02-1212 BB/LAM

BELL GAS, INCORPORATED, et al.,

   **Defendants.**

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

   **Plaintiff,**

v.           CIV 02-1213 BB/LAM

BELL GAS, INCORPORATED, et al.,

   **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** concerning civil actions CIV 02-1212 and CIV 02-1213 is before the Court on referral from the Honorable Bruce D. Black to the undersigned to "make a recommendation as to whether these actions should be consolidated for *all* purposes" and, if I find that they should be so consolidated, to "make a recommendation as to whether the two cases should be tried separately." *See* Order filed on March 26, 2004 (*Doc. 116, Case No. 02-1212*). Having considered the pleadings, relevant law, and the briefs concerning consolidation filed by the parties, I recommend that Civil Case Nos. 02-1212 and 02-1213, in their current posture, **not be consolidated**.

**PROPOSED FINDINGS**

1.  Plaintiff Equal Employment Opportunity Commission ("EEOC") filed Case No. 02-1213 on September 26, 2002, against Defendants Bell Gas, Inc. ("Bell Gas") and Ballew Distributing, Inc. ("Ballew Distributing"). *See Plaintiff's Complaint* (*Doc. 1, Case No. 02-1213*). The complaint was filed under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices on the basis of sex. *Id.* The complaint sought relief on behalf of charging parties Evelyn Silva and Cheri Brisco, and alleged that Ms. Silva and Ms. Brisco were discriminated against because of their sex. *Id.* Specifically, Plaintiff alleged that Ms. Silva and Ms. Brisco were sexually harassed while employed at Ballew Distributing. *Id.* The complaint also alleged that Bell Gas and Ballew Distributing did not exercise reasonable care to prevent and promptly correct sexual harassment. *Id.* The complaint included a jury demand. *Id.*

2.  Although it has a lower case number, Case No. 02-1212 concerns events that allegedly took place after the events alleged in Case No. 02-1213. Plaintiff EEOC filed Case No. 02-1212 on September 26, 2002, against Defendants Bell Gas, Cortez Gas Company ("Cortez Gas"), and ABC Propane Incorporated, d/b/a AWC Propane ("ABC Propane"). *See Plaintiff's Complaint* (*Doc. 1, Case No. 02-1212*). The complaint was filed under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices on the basis of retaliation. *Id.* The complaint sought relief on behalf of Charging Party Evelyn Silva, and alleged that Ms. Silva was terminated from her job at ABC Propane in retaliation for previously complaining about the sexual harassment she allegedly experienced at Ballew Distributing. *Id.* The complaint also sought to remedy an alleged failure by Defendants to make and preserve employment records as required by Section 709(c) of Title VII. *Id.* The complaint included a jury demand. *Id.*

3.      Case No. 02-1213 and Case No. 02-1212 were previously consolidated by an order entered on June 16, 2003. (*Doc. 39, Case No. 02-1213; Doc. 57, Case No. 02-1212*). Discovery in these cases is complete and the consolidation order was rescinded by an order entered on March 26, 2004 (*Doc. 116, Case No. 02-1212*).

4.      A consent decree was entered on January 14, 2004, which settled and dismissed with prejudice the claims brought by Plaintiff EEOC on behalf of Charging Party Cheri Brisco in Case No. 02-1213. (*Doc. 92, Case No. 02-1212*).

5.      Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure. When separate actions involve common issues of law and fact, they may be consolidated where the rights of the parties will be adequately protected. *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (citations omitted). Once the Court has determined that there are common issues of law or fact, it "should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citations omitted). The Court has discretion in deciding whether cases should be consolidated. *Id.*

6.      Plaintiff EEOC contends that these cases should be consolidated because they involve common issues of law and fact. In support of its position, EEOC argues that these cases have common parties (EEOC and Bell Gas), the same charging party (Evelyn Silva), common witnesses (Ray Bell, Gene Bell, Tom Lancaster and Terri Chavez) and common counsel, and that both cases involve claims for violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. EEOC also contends that consolidation will conserve judicial resources and resolve these cases sooner than if they were tried separately.

7.      Defendants argue that these cases should not be consolidated at this time because there are pending dispositive motions that could change the parties, claims and defenses in the cases prior to trial.  Defendants also argue that these cases involve different legal and factual issues and different parties.  Additionally, Defendants argue that the trial of these cases together would be unduly prejudicial to Defendants because the appearance of Defendants together at trial would amount to a "*fait accompli*" with respect to the integrated enterprise theories raised by Plaintiff and because the jurors would have difficulty keeping the facts of the two cases straight despite any limiting instructions.

8.      The Court agrees that these cases involve some common issues of law and fact.  For example, both cases are brought on behalf of Charging Party Evelyn Silva, both cases involve claims under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, and both cases involve EEOC and Bell Gas.  However, the Court does not believe that these cases are similar enough to warrant consolidation.  First, these cases involve different claims.  Case No. 02-1213 involves a claim of *sexual harassment* related to Silva's employment at *Ballew Distributing*.  Case No. 02-1212 involves a *retaliation* claim related to Silva's employment at *ABC Propane*.  Second, these cases involve different parties.  Cortez Gas and ABC Propane are not parties to Case No. 02-1213, and Ballew Distributing is not a party to Case No. 02-1212.  Third, these cases involve different elements of damages.  In Case No. 02-1213, Plaintiff seeks, *inter alia*, damages for emotional distress for Ms. Silva's alleged exposure to sexual harassment.  In Case No. 02-1212, Plaintiff seeks, *inter alia*, damages for lost wages and emotional distress for Ms. Silva's alleged retaliatory termination and Defendants assert a mitigation of damages defense.  Fourth, while there may be overlapping witnesses, the witnesses in these cases will be testifying to different facts.  In Case

No. 02-1213, the witnesses will be testifying as to Plaintiff's sexual harassment claim and the defenses to that claim.  In Case No. 02-1212, the witnesses will be testifying as to Plaintiff's retaliation claim and the defenses to that claim.  Fifth, while Plaintiff contends there is a "separate, integrated enterprise" in each case, for purposes of Title VII liability, the alleged integrated enterprise is different in each case.  In Case No. 02-1213, the alleged integrated enterprise is comprised of Bell Gas and Ballew Distributing.  In Case No. 02-1212, the alleged integrated enterprise is comprised of Bell Gas, Cortez Gas and ABC Propane.

9.      In addition to the different factual and legal issues, there is a likelihood of confusion and prejudice to Defendants if these cases, in their current posture, are consolidated and tried together to a jury.  The jury may not be able to distinguish between the sexual harassment claim against one set of Defendants in Case No. 02-1213 and the retaliation claim against another set of Defendants in Case No. 02-1212.  Instead, the jury may believe that all claims are asserted against all Defendants in spite of any limiting instructions.  Additionally, the jury may be confused by the two different integrated enterprise arguments made by Plaintiff and may assume that all Defendants comprise a single, integrated enterprise.  Finally, the jury may not realize that the events complained of in these cases are separated in time by at least a year and, consequently, the jury may assume a continuum of illegal behavior by all Defendants.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that Civil Case Nos. 02-1212 and 02-1213, in their current posture, **not be consolidated**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1).  Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. §636(b)(1), file

written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Boulevard, N.W., Albuquerque, New Mexico 87102.  **A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**